FORM FOR USE IN APPLICATIONS

FOR HABEAS CORPUS UNDER 28 U.S.C. §2254

2:06CV922-M
**RECEIVED**

**OLE Pollinitz**
Name

2006 OCT 12 A 9 17

DEBRA P. HACKETT. CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**160003**
Prison Number

**E.C.F 200 WALLACE DRiVE, 9-B-16**
**CLio ALABAMA 36017**
Place of Confinement

United States District Court **Middle** District of **ALABAMA**

Case No. _____
(To be supplied by Clerk of U. S. District Court)

**OLE Pollinitz** , PETITIONER
(Full name) (Include name under which you were convicted)

**Gwendolyn Mosley** , RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person
having custody of Petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF **ALABAMA**

_____ , ADDITIONAL RESPONDENT.

(if petitioner is attacking a judgment which imposed a sentence to be
served in the future, petitioner must fill in the name of the state where the
judgment was entered. If petitioner has a sentence to be served in the future
under a federal judgment which he wishes to attack, he should file a motion
under 28 U.S.C. §2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN
STATE CUSTODY

INSTRUCTIONS--READ CAREFULLY

.(1) This petition must be legibly handwritten or typewritten and signed by the
petitioner under penalty of perjury. Any false statement of a material
fact may serve as the basis for prosecution and conviction for perjury.
All questions must be answered concisely in the proper space on the form.

The Judicial Conference of the United States has adopted, effective 1/1/83,
the 8-1/2 x 11 inch paper size standard for use throughout the federal
judiciary and directed the elimination of the use of legal size paper. All
pleadings, etc. filed after 1/1/83 must be on 8-1/2 x 11 inch paper,
otherwise we cannot accept them.

SCANNED
08101306

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed in forma pauperis, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, the original and two copies* must be mailed to the Clerk of the United States District Court whose address is
       P. O. Box 711, Montgomery, Alabama  36101

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.
   *If you are proceeding in forma pauperis, only the original petition needs to be filed with the Court.

PETITION

1. Name and location of court which entered the judgment of conviction under attack _CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA_

2. Date of judgment of conviction _2-18-2004_

3. Length of sentence _30 YEARS_   Sentencing Judge _ALFRED BAHAKEL_

4. Nature of offense or offenses for which you were convicted: _____

_____

_____

5. What was your plea? (check one)
   (a) Not guilty (✓)
   (b) Guilty      ( )
   (c) Nolo contendere ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

_____

_____

6. Kind of trial: (Check one)
   (a) Jury ( ✓ )
   (b) Judge only ( )

7. Did you testify at the trial? Yes ( ✓ )  No ( )

8. Did you appeal from the judgment of conviction? Yes ( ✓ )  No ( )

9. If you did appeal, answer the following:
   (a) Name of court  COURT OF CRIMINAL APPEALS
   (b) Result  AFFIRMED
   (c) Date of result  6-18-2004
   If you filed a second appeal or filed a petition for certiorari in the
   Supreme Court, give details:  SEE EXHIBITS A - B

10. Other than a direct appeal from the judgment of conviction and sentence, have
    you previously filed any petitions, applications, or motions with respect
    to this judgment in any court, state or federal? Yes ( ✓ )  No ( )

11. If your answer to 10 was "yes", give the following information:
    (a)(1) Name of court  CIRCUIT COURT OF JEFFERSON COUNTY ALABAMA
       (2) Nature of proceeding  MOTION FOR NEW TRIAL
       (3) Grounds raised  SEE EXHIBIT (C)

       (4) Did you receive an evidentiary hearing on your petition, application
           or motion? Yes ( )  No ( ✓ )
       (5) Result  DENIED
       (6) Date of result  2-23-2004
    (b) As to any second petition, application or motion give the same infor-
        mation:
       (1) Name of court  CIRCUIT COURT OF JEFFERSON COUNTY ALABAMA
       (2) Nature of proceeding  RULE 32 PETITION
       (3) Grounds raised  SEE EXHIBIT - A - A

       (4) Did you receive an evidentiary hearing on your petition, application
           or motion? Yes ( )  No ( ✓ )
       (5) Result  DISMISSED
       (6) Date of result  12-1-2005

(c) As to any third petition, application or motion, give the same infor-
mation:
(1) Name of court _____
(2) Nature of proceeding _____

(3) Grounds raised_____

_____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application
or motion? Yes ( )  No ( )
(5) Result_____
(6) Date of result_____
(d) Did you appeal to the highest state court having jurisdiction the result
of any action taken on any petition, application or motion:
(1) First petition, etc.          Yes (X)  No ( )
(2) Second petition, etc.         Yes (X)  No ( )
(3) Third petition, etc.          Yes (X)  No ( )
(e) If you did not appeal from the adverse action on any petition, applica-
tion or motion, explain briefly why you did not: _____

_____

_____

_____

_____

_____

12.  State concisely every ground on which you claim that you are being held
unlawfully.  Summarize briefly the facts supporting each ground.

CAUTION:  In order to proceed in the federal court, you must ordinarily first
exhaust your state court remedies as to each ground on which you
request action by the federal court.  As to all grounds on which you
have previously exhausted state court remedies, you should set them
forth in this petition if you wish to seek federal relief.  If you
fail to set forth all such grounds in this petition, you may be
barred from presenting them at a later date.

For your information, the following is a list of the most frequently raised
grounds for relief in habeas corpus proceedings.  Each statement preceded by
a letter constitutes a separate ground for possible relief.  You may raise
any grounds which you may have other than those listed if you have exhausted
all your state court remedies with respect to them.  However, you should
raise in this petition all available grounds (relating to this conviction)
on which you base your allegations that you are being held in custody unlaw-
fully.

If you select one or more of these grounds for relief, you must allege
facts in support of the ground or grounds which you choose.  Do not check
any of the grounds listed below.  The petition will be returned to you
if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A.  Ground one: DENIED A SPEEDY TRIAL VIOLATED THE PETITIONER SIXTH AMENDMENT Rights.
Supporting FACTS (tell your story briefly without citing cases or law): IN CASES CC-94-1786 AND CC-97-1787 ON OR ABOUT THE 4-11-1997, A JEFFERSON COUNTY GRAND JURY RETURNED AN INDICTMENT AGAINST THE PETITIONER HBS CHARGES DISTRIBUTION OF A CONTROLLED SUBSTANCE, AND POSSESSION OF A CONTROLLED SUBSTANCE, THE PETITIONER SUFFERED PREJUDICE, HE DID NOT HAVE A FAIR TRIAL BECAUSE OF DELAY BEFORE TRIAL WAS UNCOMMONLY LONG, HE WAS DISADVANTAGED FOR EXERCISING HIS Rights, THE DELAY DID IMPAIRED AN ADEQUATELY DEFENSE TENDS TO BE SPECULATIVE GROUNDS THE ONLY REMEDY THE PETITIONER WAS DENIED A SPEEDY TRIAL AND THE CONVICTION SHOULD BE REVERSE OR VACATE THE SENTENCE AND dismiss THE INDICTMENT BECAUSE THE PRIMARY GUARANTEE AGAINST HAVING to DEFEND AGAINST OVERLY STATE CRIMINAL CHARGES IS THE STATUTE OF LIMITATION MAKES A DUE PROCESS CLAIM CONCRETE AND RIPE FOR AdJUDICATION.

B. Ground Two: INEFFECTIVE ASSISTANCE OF COUNSEL both AT TRIAL, AND APPELLATE COUNSEL
Supporting FACTS (tell your story briefly without citing cases or law): TRIAL COUNSEL FAILED TO MEET THE DUE PROCESS REQUIREMENT OF EFFECTIVE REPRESENTATION by COUNSEL by FAILING TO GIVE PETITIONER HIS COMPLETE LOYALTY, AND FAILING TO SERVED PETITIONER CAUSE IN GOOD FAITH AND TO THE BEST OF HIS ABILITY TRIAL COUNSEL SHOULD HAVE MOTION THE COURT FOR A dismiss OF THE INDICTMENT BE CAUSE OF THE SIXTH AMENDMENT VIOLATION HE FAIL TO ADDRESS THE COURT OF THE SUFFERING OF SERIOUS PREJUDICE BECAUSE OF THE LONG DELAY AND A TRIAL SHOULD NOT BEEN HAD. THE APPELLATE COUNSEL FALL TO RAISE ANY ISSUES ON THE MOTION FOR NEW TRIAL, SEE EXHIBIT(C) HE FAIL TO RAISE ANY ISSUES ON APPEAL SEE EXHIBIT(A) DOCKETING STATEMENT PETITIONER UNDER PRINCIPLES THAT CONVICTED INDIGENTS HAVE A CONSTITUTIONAL RIGHT To REPRESENTATION ON APPEAL, AND HE IS ENTITLED TO FEDERAL HABEAS CORPUS SUBJECT TO STATES' RETRY HIM OR GRANTING HIM AN OUT-OF-TIME APPEAL. U.S.C.A, Const,

C.  Ground three: INSUFFICIENY OF EVIDENCE to SUPPORT AN CONVICTION

Supporting FACTS (tell your story briefly without citing cases or law): IN ORDER FOR THE STATE to PROVE POSSESSION OF CONTROLLED SUBSTANCE It must SHOW THREE ELEMENTS ARE NECESSARY to ESTABLASH POSSESSION OF CONTROLLED SUBSTANCE (1) Actual OR POTENTIAL PHYSICAL CONTROL, (2) INTENTION TO EXERCISE DOMINION ANd. (3) EXTERNAL MANIFESTATION OF INTENT ANd CONTROL. AT TRIAL THE STATE FAIL To SHOW THESE THREE ELEMENTS THE VERDICT ON FEB 10 2004 WAS PLAINLY ERRONEOUS ANd MANIFESTLY UNJUST ANd BECAUSE OF INSUFFICIENCY EVIDENCE TO SUPPORT A CONVICTION PALPABLY WRONG, ANd THE SENTENCE SHOULD BE REVERSE.

D.  Ground four: THE INDICTMENTS IN CASES CC-97-1786 - ANd CC-97-1787 IS Void.

Supporting FACTS (tell your story briefly without citing cases of law): SEE EXHIBIT A-A PETITION FOR CERTIORARI ANd BRIEFS.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal state briefly what grounds were not so presented, and give your reasons for not presenting them: DENIED A SPEEDY TRIAL, INEFFECTIVE ASSISTANCE OF COUNSEL INSUFFICIENCY OF EVIDENCE, TO SUPPORT AN CONVICTION, BECAUSE OF INEFFECTIVE ASSISTANCE OF COUNSEL. COUNSEL FAIL TO PRESENTED THESE GROUNDS

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ( ) No ( ✓ )

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing CHARLES SALVAGIO, P.o. BOX 661482 BIRMINGHAM, AL 35226
(b) At arraignment and plea CHARLES SALVAGIO

(c) At trial __CHARLES SALVAGIO__

(d) At sentencing __CHARLES SALVAGIO__

(e) On appeal ~~MR~~ CHARLES E. CALDWELL, SUITH 4M-FRANK
NELSON BUILDING, 205 20TH ST NoRTH BIRMINGHAM AL 35203

(f) In any post-conviction proceeding_____

(g) On appeal from any adverse ruling in a post-conviction proceeding:_____

_____

16. Were you sentenced on more than one count of an indictment, or on more
than one indictment, in the same court and at the same time?
Yes ( ✓ )  No ( )

17. Do you have any future sentence to serve after you complete the sentence
imposed by the judgment under attack?
Yes ( )  No ( ✓ )
(a) If so, give name and location of court which imposed sentence to
be served in the future:_____

(b) And give date and length of sentence to be served in the future:_____

(c) Have you filed, or do you contemplate filing, any petition attacking
the judgment which imposed the sentence to be served in the future?
Yes ( )  No ( )

Wherefore, petitioner prays that the Court grant petitioner relief to
which he may be entitled in this proceeding.


_____
Signature of Attorney (if any)

I declare ( or certify, verify, or state) under penalty of perjury that the
foregoing is true and correct.  Executed on ___9 - 27 - 06_____
(date)

_____
Signature of Petitioner

Exhibit
A.

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

STATE OF ALABAMA            )
                            )        CC97-1786-1787   1786
    V.                      )
                            )
OLEN POELINITZ        '04 FEB 18 )
                            )
DEFENDANT           FILED   )
                  ANNE-MA:   )

## NOTICE OF APPEAL IN INDIGENT STATUS

Comes now Attorney, Charles Salvagio, in the above-styled cause, and moves this court

for an appeal in indigent status for the above named individual as a basis shows the following:

1. That the defendant was found guilty at trial on February 10, 2004 of Distribution of a

   Controlled Substance and Possession of a Controlled Substance.

2. He was sentenced February 11, 2004 and received a 30 year sentence.

3. That this defendant is indigent.

4. That the defendant requests an appeal of this decision of the jury.

5. He also requested an appelate lawyer be appointed by the State.

6. That this attorney does not practice in the area of Appelate law.

WHEREFORE, PREMISES CONSIDERED, the defendant prays for that the court will
appoint an attorney to represent this defendant on appeal and remove this attorney from any
involvement in this matter.

RESPECTFULLY SUBMITTED,

OF COUNSEL:
CHARLES SALVAGIO
P.O. Box 661482                         _____
Birmingham, AL 35226                    Charles Salvagio
(205) 223-2244                          Attorney for Defendant

| State of Alabama<br>Unified Judicial System<br>Form ARAP-26 (front)    8/91 | COURT OF CRIMINAL APPEALS<br>DOCKETING STATEMENT | Criminal Appeal Number<br><br>____  _____ |

## A. GENERAL INFORMATION:

[X] CIRCUIT COURT  [ ] DISTRICT COURT  [ ] JUVENILE COURT OF _____ Jefferson _____ COUNTY

OLE POLLINITZ _____ , Appellant

v.  [X] STATE OF ALABAMA    [ ] MUNICIPALITY OF _____

| Case Number<br>CC 97-1786 - CC 97-1787 | Date of Complaint or Indictment<br>April 11, 1997 | Date of Judgment/Sentence/Order<br>February 11, 2004 |
|---|---|---|
| Number of Days of Trial/Hearing<br>2   Days | Date of Notice of Appeal<br>Oral: February 18, 2004 | Written: |

Indigent Status Requested:  [X] Yes  [ ] No        Indigent Status Granted:  [X] Yes  [ ] No

## B. REPRESENTATION:

Is Attorney Appointed or Retained?  [X] Appointed  [ ] Retained.    If no attorney, will appellant represent self?  [ ] Yes  [ ] No

| Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary)<br>Charles E. Caldwell | Telephone Number<br>(205) 323-2444 |
|---|---|

| Address  419 Frank Nelson Bldg.<br>205 North 20th Street | City<br>Birmingham | State<br>Alabama | Zip Code<br>35203 |

## C. CODEFENDANTS: List each CODEFENDANT and the codefendant's case number.

| Codefendant<br>None | Case Number |
|---|---|
| Codefendant | Case Number |
| Codefendant | Case Number |

FILED
FEB 25 2004
CIRCUIT COURT
CRIMINAL DIVISION

## D. TYPE OF APPEAL: Please check the applicable block.

| 1 [X] State Conviction | 4 [ ] Pretrial Order | 7 [ ] Juvenile Transfer Order | 10 [ ] Other (Specify) |
| 2 [ ] Post-Conviction Remedy | 5 [ ] Contempt Adjudication | 8 [ ] Juvenile Delinquency | _____ |
| 3 [ ] Probation Revocation | 6 [ ] Municipal Conviction | 9 [ ] Habeas Corpus Petition | _____ |

## E. UNDERLYING CONVICTION/CHARGE: Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

| 1 [ ] Capital Offense - § _____ | 6 [ ] Trafficking in Drugs - § _____ | 11 [ ] Fraudulent Practices - § _____ |
| 2 [ ] Homicide - § _____ | 7 [ ] Theft - § _____ | 12 [ ] Offense Against Family - § ____ |
| 3 [ ] Assault - § _____ | 8 [ ] Damage or Intrusion | 13 [ ] Traffic - DUI - § _____ |
| 4 [ ] Kidnapping/Unlawful | to Property - § _____ | 14 [ ] Traffic - Other - § _____ |
| Imprisonment - § _____ | 9 [ ] Escape - § _____ | 15 [X] Miscellaneous (Specify): |
| 5 [ ] Drug Possession - § _____ | 10 [ ] Weapons/Firearms - § _____ | Distribution - § _____ |

## F. DEATH PENALTY:

Does this appeal involve a case where the death penalty has been imposed?  [ ] Yes  [X] No

## G. TRANSCRIPT:

1. Will the record on appeal have a reporter's transcript?  [X] Yes  [ ] No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed.  __02/24/04__
   (Date)
3. If the answer to question "1" is "No":
   (a)  Will a stipulation of facts be filed with the circuit clerk?  [ ] Yes  [ ] No
   (b)  Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?  [ ] Yes  [ ] No

NOTE:  If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

Form ARAP- 26 (back)   8/91

# COURT OF CRIMINAL APPEALS DOCKETING STATEMENT

**H. POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| 02 | 18 | 04 | Motion for New Trial | 02 | 23 | 04 |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**I. NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

Transcripts are not available for review

**J. ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. *(Attach additional pages if necessary.)*

Issues have not been determined

**K. SIGNATURE:**

February 24, 2004
Date

Signature of Attorney/ Party Filing this Form

| State of Alabama<br>Unified Judicial System<br><br>Form ARAP-1C        8/91 | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number<br><br>—————  —————— |
|---|---|---|

**TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.**

[X] CIRCUIT COURT  [ ] DISTRICT COURT  [ ] JUVENILE COURT OF _____ Jefferson _____ COUNTY

OLE POLLINITZ _____ , Appellant

v.   [X] STATE OF ALABAMA   [ ] MUNICIPALITY OF _____

| Case Number<br>CC 97-1786; CC 97-1787 | Date of Judgment/Sentence/Order<br>February 11, 2004 |
|---|---|
| Date of Notice of Appeal<br>Oral: 02/18/04          Written: | Indigent Status Granted:<br>[X] Yes    [ ] No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**
I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, *CODE OF ALABAMA 1975*)

_____     _____     _____
Signature                              Date                         Print or Type Name

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

**MARK PROCEEDINGS REQUESTED:**

**COURT REPORTER(S)**

Cheryl Shader

**A.** [X] **TRIAL PROCEEDINGS** - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately

**B.** [ ] **ORGANIZATION OF THE JURY** - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

**C.** [ ] **ARGUMENTS OF COUNSEL** - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

**FILED**
FEB 25 2004
CIRCUIT COURT
CRIMINAL DIVISION

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
|---|---|---|
| D. _____ | _____ | _____ |
| E. _____ | _____ | _____ |
| F. _____ | _____ | _____ |
| G. _____ | _____ | _____ |

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**
I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

_____     February 24, 2004     Charles E. Caldwell
Signature                              Date                         Print or Type Name

**DISTRIBUTION:** Original filed with Clerk of Trial Court and copies mailed to:  (1) Clerk of the Court of Criminal Appeals,  (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript.

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk



P. O. Box 301555
Montgomery, AL 36130-1555
(334) 242-4590
Fax (334) 242-4689

July 16, 2004

**CR-03-0835**

Ole Pollinitz v. State of Alabama (Appeal from Jefferson Circuit Court: CC97-1786;
CC97-1787).

## NOTICE

You are hereby notified that on July 16, 2004 the following action was taken in the
above referenced cause by the Court of Criminal Appeals:

Application for Rehearing Overruled.

**Lane W. Mann, Clerk**
**Court of Criminal Appeals**

cc: Hon. Anne-Marie Adams, Circuit Clerk
Charles E. Caldwell, Attorney
Marc A. Starrett, Asst. Atty. Gen.

EXHIBIT
A

# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
## THE ALABAMA COURT OF CRIMINAL APPEALS

**CR-05-0499**

Ole Pollinitz v. State of Alabama  (Appeal from Jefferson  Circuit Court: CC97-1786.61; CC97-1787.61)

# CERTIFICATE OF JUDGMENT

WHEREAS, the appeal in the above referenced cause has been duly submitted and considered by the Court of Criminal Appeals; and

WHEREAS, the judgment indicated below was entered in this cause on April 14th 2006:

## Affirmed by Memorandum.

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure, it is hereby certified that the aforesaid judgment is final.

**Witness. Lane W. Mann, Clerk**
**Court of Criminal Appeals, on this**
**the 11th day of August, 2006.**

**Clerk**
**Court of Criminal Appeals**
**State of Alabama**

cc: Hon. Alfred Bahakel, Circuit Judge
Hon. Anne-Marie Adams, Circuit Clerk
Ole Pollinitz, Pro Se
Marc A. Starrett, Asst. Atty. Gen.

EXHIBIT
A-A

CRIMINAL APPEALS NO:CR-05-0499

IN THE ALABAMA SUPREME COURT

Olle Polinitz
Appellant

Vs.                                          Civil Action No:

STATE OF ALABAMA
Appellee

PETITION FOR CERTIORARI FROM THE COURT OF

CRIMINAL APPEALS AND BRIEF IN SUPPORT


BRIEF OF APPELLANT

Olle Polinitz

200 Wallace Dr.

Clio,Ala, 36017

## TABLE OF CONTENTS

Table of Contents............................................................_____

Table  of Authorities........................................................_____

Petition for Certiorari......................................................._____

Certificate of Service......................................................._____

i

## TABLE OF AUTHORITIES

Ex Parte Harper 594 So.2d 1181(Ala.1991)._____

Stewart vs.State 580 So.2d 27 (Ala.Crim.App.1990)._____

Asp vs.State 843 SO.2d.213 (Ala.2002)._____

Apprendi vs.New Jersey, 530 U.S. 433._____

Ex Parte Clonton 447 So.2d 156 (Ala.1985).._____

Blackmon vs.State, 487 So.2d 1022 (Ala.Crim.App.1986)._____

CRIMINAL APPEALS No:CR-05-0459

IN THE SUPREME COURT OF ALABAMA

Ollo Polinitz
Appellant

Vs.                              Case No: 1051174

STATE OF ALABAMA
Appellee.

Appeal From The Circuit Court of Jefferson CO.ALABAMA

PETITION FOR WRIT OF CERTIORARI

TO THE SUPREME COURT OF ALABAMA:

Comes Now, The Petitioner, Ollo Polinitz, Pro/Se and petitions

the court for writ of certiorari to be issued to the court of

criminal appeals in the above styled case pursuant to Rule 39

A.R.A.P., and as reasons for the same would show the following:

1) .The Petitioner Post-Conviction petition pursuant to the

Alabama Rule of Criminal Procedure was denied by the Jefferson CO.

Circuit on Dec.1,2005. The Court of Criminal Appeals affirmed

the decision by memorandum opinion released on ~~~~~~ 6-18-04 .The

Petitioner Application for Rehearing on _____. The Petitioner

Application for Rehearing was overruled on ~~~~~~ 6-16-04

2). A copy of the memorandum opinion of the court of criminal appeals is

_____N/A_____ to this petition (ExhibitA). The Appellate Dockt No.

referenced on the opinion is CR-05-0999.

3. The Notice of the Court of Criminal Appeals overruling the petitioners

Application for Rehearing is a backed as (Exhibit B).

4). The Petitioner avers that the grounds for the issuance of the writ are as

follows:

PAGE _____

(A) The bais of the petition for the writ is that the holding of the court of criminal appeals is in conflict with prior decisions of the Alabama Court of Criminal Appeals, The Supreme Court of Alabama, and the United States Supreme Court on the same pointof law.

(1) Polinitz asserts that the Court of Criminal Appeals improperly found that claim#1, That the Indictment in Case No:CC-97-1736 was not vied, for failing to allege an appropriate mens rea; was meritless.

The trial court violated Polinitz's 5th and 14th Amendment rights to Due process and equal protection of the law when he was tried using an indictment that failed to included an essential element.

The Code of Alabama 1975 Title 13A-2-2 specifically requires that unless the statute contains a legislative intent to make it a strict liability offense it requires a mental culpability, a mens rea.

This court in Ex Parte Harper [no. So. 2d 114] (Ala.1991) has held that when a material element is omitted from an indictment a conviction is due to be vacated and jurisdictional issues are not subject to waiver and may be raised at any time".

In this case the indictment contained the word "Unlawfully" in place of "Knowingly", and the jury was charged to find that polinitz did "Unlawfully" commince a criminal act.

The Alabama Court of Criminal Appeals has addressed this issue in Stewart vs. State 580 So.2d 27 (Ala.Crim.App.1990), and held "The fact that the indictment charged that the defendant acted "Unlawfully" was not adequate as "Unlawfully" does not _____ the statutory definition of "Knowingly" found in subsection (2)".

PAGE _____

The Petitioner urges this court to adopt a holding that reverses the opinion of the Court of Criminal Appeals and holds that "Unlawfully" is not an appropriate mens rea under alabama law.

II. Polinitz asserts that the court of criminal appeals improperly found that claim#2; That the trial court improperly amended the indictment was meritless.

The trial court amended the indictments in case CC-97-1786 to add additional facts alledging that the sale or distribution of drugs occurred within three miles of a school or housing project.

Polinitz sentence was increased from 10 years to 20 years, by adding the 5 years enhancements pursuant to 13A-12-250 and 270.

This Court in Agee v. State 813 So. 2d 983 (Ala. 2001) held that "an indictment amendment to correct the citation or charge ... would deprive the trial court of jurisdiction over the different or new offense".

The United States Supreme Court has addressed this situation of adding facts that allow an increase in a sentence beyond the statutory maximum as occurred in the instant case in Apprendi v. New Jersey 530 U.S. 383, 120 S.Ct. 2336, the court held " Facts that expose a defendant to a punishment greater than that otherwise legally prescribed were by definition elements of a greater offense and further; " When the term sentence enhancement is used to describe, it is the functional equivalent of an element of a greater offense.

The trial court in this case added facts which were elements of a greater offense as defined by the United States Supreme Court to an indictment. The Courts in this state have long held that such an amendment was unlawful.

The Petitioner urges this court to adopt a holding that reverses the holding of the Court of Criminal Appeals and holds thats to add additional facts that

Page _____

a sale occurred within 3 miles of a school or housing project is unlawfull
under alabama law.

III. Polinitz asserts that the court criminal appeals improperly found that
Claim#3and4 were meretless, and procedurally defaulted.

The record in this case shows that the trial court granted the States Motion to
consolidate cases CC-97-1786 and CC-97-1737 without holding a hearing and
polinitz being present.

This Court in Ex Parte Clanton 447 So.2d 155 (Ala.1939) has held " granting the
States Motion to Consolidate two indictments without giving defendant an
opportunity to be heard was reversible error".

And the court of criminal appeals in Flannery vs.State 487 So.2d 1022, (Ala.
Crim.App.1986, that "Defendant was required to be giving oppurtunity to be heard
on issue to consolidation at some time before motion was granted".

Petitioner urges this Court to apply a decision that reverse the opinion of the
court of criminal appeals and holds that a hearing must be held on issue of con-
solidation.

Wherefore, Based on the foregoing petitioner merely prays that this Court
Grant Certiorari in this cause.

Respectfully Committed

_____

Olle Polinitz

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon
the Alabama Supreme Court, by placing it into the Easterling Corr.Fac. Mail
on May 18,2006; Also on the Attorney General.

_____

Olle Polinitz



IN THE ALABAMA COURT OF
CRIMINAL APPEALS


OLE POLLINITZ,
    APPELLANT,


VS:                          Criminal Appeal No. CR-05-0499


STATE OF ALABAMA,
    APPELLEE,


APPEAL FROM JEFFERSON COUNTY
CASE NO. CC-97-1786,CC-97-1787


BRIEF OF APPELLANT


OLE POLLINITZ
200 WALLACE DR.
CLIO, AL 36017


ORAL ARGUMENT IS REQUESTED

# TABLE OF CONTENTS

TABLE OF CONTENTS                      p-i

TABLE OF AUTHORTIES                    P-ii

STATEMENT OF THE CASE                  P-1

STATEMENT OF THE ISSUES               P-1

STATEMENT OF THE FACTS                p-1

STANDARD OF REVIEW                    p-2

SUMMARY OF THE ARGUMENT               p-2

ARGUMENT                              p-3

CONCLUSION                            p-6

CERTIFICATE OF SERVICE                p-7

## TABLE OF AUTHORTIES

APPRENDI V. NEW JERSEY 530 U.S. 483                    4    p-

ASH V. STATE 843 so2d 213 (Ala 2002)                  p-4

BLACKMON V. STATE 487 so2d 1022 (Ala Crm App 1986)    p-5

BLOUNT V. STATE 572 so2d 498 (Ala Crm App 1990)       p-5

CHAVEST V. STATE  517 so2d 643 (Ala Crm App 1987)     p-2

COGMAN V. STATE 870 so2d 762 (Ala Crm App 2003)       p-3

COLVIN V. STATE 521 so2d 1352 (Ala Crm App 1987)      p-3

CREWS V. STATE 374 so2d 436 (Ala Crm App 1979)        p-4

EX      PARTE      COLE      842      so2d      605    (ALA      2002)

EX PARTE GLANTON 447 so2d 156 (Ala 1985)              p-5

EX PARTE HARPER 594 so2d 1181 (Ala 1991)              p-3

EX PARTE LEROY WHITE ms March 9, 2001                 p-2

GRADY V. STATE 831 so2d 646 (Ala Crm App 2001)        p-6

OWENS V. STATE 666 so2d 31 (Ala Crm App 1994)         p-5

STATE V. HILL 690 so2d 1201 ( Ala 1996)               p-2

UNITED STATES V. PURVIS 580 f3d 853 (5th cir 1978)    p-3

U.S. V. LONDEN  550 f2d 206 ( 5th cir 1977)           p-4

## STATEMENT OF THE CASE

On April 11, 1997, a Jefferson County Grandjury returned an Indictment against Appellant that alleged an act was committed "unlawfully", this is not a correct Mens Rea or Meental Culpability.

Pollinetiz was tried and convicted by a jury on February 10, 2004.

On November 30, 2005, Pollinetiz filed a rule-32 petition.

On DEcember 01, 2005, Circuit Judge Bahakel dismissed the petition, this appeal follows.

## STATEMENT OF THE ISSUES

(A) When a rule 32 petition is meritorious on it's face and the facts are undisputed an Appellate Court is presented with pure questions of law, the petitioner is entitled to a de-novo review.

1) The Indictment in case cc-97-1786 is void.
2) The indictment in case cc-97-1787 is void.
3) THe Trial Court improperly amended the Indictment.
4) The trial Court improperly granted the States motion to consolidate case's cc-97-1787 and cc-97-1786.

(B) The Trial Court's 'Boilerplate' Order dismissing the post- conviction petition denied Appellant's right to Due Process as the Order is not specific as to the basis of denial.

## STANDARD OF REVIEW

The Supreme Court in Ex Parte Leroy White, _____ so.2d _____ (Ala
2001) ms March 9, 2001 1992075 held that "...we note that when the
facts are undisputed and the Appealate Court is presented with pure
questions of law, that courts review in a Rule 32 proceeding is De Novo.
see also State v. Hill 690 so.2d 1201,1203 (Ala 1996).

## SUMMARY OF THE ARGUEMENT

When the trial court summarrily dismissed the Rule 32 petition
by entering a "boilerplate" order (C3) the unrefuted statement of
facts must be taken as true, as this Court has held in Chavest v. State,
517 so.2d 643 (Ala.Crim.App. 1987).

Taking the alleged facts as being true and giving the claims
raised a De Novo review, clearly Pollinitz is entitled relief from
the judgement and sentence based on claim 1, 2, that the indictment
was void as it contained no Mens Rea; claim 3, that the indictment
was amended to hold a material element of a new offense; claim 4, that
the states motion to consolidate was granted without a hearing being
held.

ARGUEMENT

When a Rule 32 petition is meritorious on its face and the facts are undisputed an Appeallate Court is presented with pure questions of law, the Petitioner is entitled to a De Novo review.

Whwn the trial court entered its "boilerplate" order dismissing the rule 32 petition on December 1, 2005 (C3) there was no denial of the factual allegations contained in the petition and, therefore, they must be taken as true.

This Court has held in Colvin v. State, 521 so.2d 1352, 1352 (Ala. Crim.App.1987) that where the trial court does not make a finding the record based upon its personal knowlege and where the State does not file an answer or return denying  the allegations of fact in the petition those facts must be accepted as true.

A De Nove review is required of the claims raised by the Petitioner and are set out  below.

(A)    The indictment was void as it does not contain the necessary element of mens rea or culpability required by the Code of Alabama 1975 title 13A-2-2, (2-4).

As alleged in the Rule 32 petition  this claim is for case no. cc-97-1786 (C-35) and  case no. cc-97-1787 (C-36); the indictment returned by  Jefferson County Grand Jury on April 11, 1997 is void and conferred no jurisdiction to the trial court to try, convict, and sentence the Defendant. In the instant cases the indictment alleges that the defendant "UNLAWFULLY" committed an illegal act.

The Alabama Supreme Court in Ex Parte Harper,594 so.2d 1181 (Ala 1991) held that "when a material element is omitted from an indictment a conviction is due to be vacated and jurisdictional issues are not subject to waiver and may be raised at any time".

The Court of Criminal Appeals in Cogman v. State, 870 so.2d 762 (Ala.Crim.App. 2003) addressed the issue of alleging each material element and held "Although the law does not compel a ritual of words in an indictment the omission of a element of a crime, however, is not a mere formality that may be waived". United States V. Purvis, 580 F. 2d 853 (5th cir, 1978) cert. denied 440 U.S. 914, 99 s.ct 1229, 59 L.ed.2d 463 (1974).

An indictment that fails to allege each material element of an offense, fails to charge that offense, U.S. V. London 550 F.2d 206,211 (5th Cir.1977) "A defect in an indictment associated with a material element of the offense which leaves the accused unaware of the nature and cause of the charged cannot be waived" Crews V. State, 374 so.2d 436 (Ala.Crim.App. 1979).

In the instant case the indictment alleged tha the Defendant did "unlawfully" commit an act.
This wording allowed the Jury to reach a desicion on an essential element of the offnse without having that element properly before them.

(B)    The trial court amended the indictments in case cc-1997-1997-1786 to add additional facts alleging that the sale or distribution of drugs occurred within 3 miles of a school or housing project.

The Alabama Supreme Court in Ash v. State, 843 so.2d 213 (Ala 2002) held that; an amend to in indictment that changes the changes the offense or charges a new offense would deprive the trial court of jurisdiction over the different or new offense".

It is well established in Alabama that a defendant cannot consent to an improper amendment to an indictment as the Alabama Supreme Court held in Ex Parte Cole, 842 so.2d 605 (Ala 2002).

The United States Supreme Court has addressed this situation of adding facts that allow an increase in a sentence beyond the statutory maximum as occurred in the instant case. IN APPRENDI V. NEW JERSEY, 530 U.S.483, 120 S.Ct. 2328, the Court held; "facts that expose a defendant to a punishment greater than that otherwise legally prescribed were by definition 'elements' of a greater offense" and further; "when the term sentence enhancement is used to describe an increase beyond the maximum authorized sentence,it is the functional equivalent of an 'Element' of a greater offense"

Clearly the amendment to the Indictment to allege the sale or distribution occured within 3 miles of a school or housing project resulted in a 'punishment' greater than that otherwise legally prescribed' and that amendment was the functional equivalent of an element of a greater offense'.

In Alabama any amendment to an Indictment that changes the offense or charges a new offense is UNLAWFUL.

c) The trial Court granted the states motion to consolidate cases cc-97-1786 and cc-97-1787 without holding a hearing and giving the defendant an opportunity to be heard.

The record in this appeal shows that on June 30, 1997, Judge Rahakel granted consolidation between cases cc-97-1786 and case cc-97-1787 (C-12) then once again a motion for consolidation of offenses was filed on October 28, 2003 (C-14) with no further indication in the case action summarys.

The Alabama Supreme Court has addressed this issue and has long held " "granting the states motion to consoldiate two Indictments against a defendant without giving defendant an opportunity to be heard was reversible error" EX PARTE GLANTON, 447 so2d 156 (Ala 1985) and further the Alabama Court of Criminal Appeals has held in BLACKMON V. STATE , 487 so2d 1022, (Ala Crm App 1986) that " Defendant was required to be given opportunity to be heard on issue of consolidation at some time before motion was granted"

The record in this case clearly indiacates that the issue of consoli-dation was determined without giving the defendant an opportunity to be heard and this Court must reverse the judgement of the Trial Court.

II. The Trial Courts "Boilerplate" order dismissing the post conviction petition denied Appellants right to Due Process as the Order is not specific as to the basis of denial.

This Court has long held that " A statement of the basis of the Circuit Courts decision is essential to afford the appellant Due Process" OWENS V. STATE, 666 so2d 31, (Ala Crm App 1994).

The Order (C-3) appears to invoke (4) four distinct grounds for dismissal in general but is not specific as to any claim.

The record in this case does not show that a previous petition was adjudicated on the merits as required by this Court. In BLOUNT V. STATE, 572 so2d 498, (Ala Crm App 1990) this Court held " before a subsquent petition can be deemed successive, a previous petition must have been considered on it's merits".

The Order on Rule 32, (C-8,to 11) dening Appellants first rule 32 petition clearly states "The defendant fails to meet his burden of proof in pleading with specificity his claims for ineffective assistance of trial and appellant counsel" (C-10)

This Order clearly shows that the first petition was NOT considered on it's merits.

THe jurisdictional claims raised in the petition are not subject to preclusion or by the rule against successive petitions as this Court has held in GRADY V. STATE, 831 so2d 646, (Ala Crm App 2001) that "Even though a defendant files a successive petition for post conviction relief jurisdictional claims are not precluded by the limitations period or by the rule against successive petitions."

This Court must reverse the Judgement of the trial Court and remand this petition.

CONCLUSION

The issues raised inthe post-conviction petition (c-26) are jurisdictional issues and are not subject to preclusion and must be addressed.

This Court must reverse the judgment of the Trial Court and remand the petition for an evidentiary hearing.

Done this 4th day of February 2006

Ole Pollinitz
200 wallace dr.
Clio,Al 36017

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy on the **ALABAMA ATTORNEY GENERAL,** 11 South Union Street, MOntgomery Alabma 36130, by placing same in the U.S. mail

Done on this 7ᵗʰ day of February 2006          OLe POLLInitz

# IN THE SUPREME COURT OF ALABAMA



August 11, 2006

**1051174**

Ex parte Olen Poellnitz. PETITION FOR WRIT OF CERTIORARI TO THE COURT
OF CRIMINAL APPEALS  (In re: Ole Pollinitz v. State of Alabama)   (Jefferson
Circuit Court: CC97-1786.61; CC97-1787.61; Criminal Appeals : CR-05-0499).

## CERTIFICATE OF JUDGMENT

## Writ Denied

The above cause having been duly submitted, IT IS CONSIDERED AND
ORDERED that the petition for writ of certiorari is denied.

BOLIN, J. -  Nabers, C.J., and See, Harwood, and Stuart, JJ., concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court
of Alabama, do hereby certify that the foregoing is
a full, true and correct copy of the instrument(s)
herewith set out as same appear(s) of record in said
Court.
Witness my hand this *11th* day of *August,*   *2006*

**Clerk, Supreme Court of Alabama**

/bb

EXHIBIT
C

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

STATE OF ALABAMA          )
                          )     CC97-1786-1787  *-1786
          V.              )
                          )
OLEN POELINITZ            )
                          )     '04 FEB 18
DEFENDANT                 )
                          )     FILED
                    ANNE-H.

### MOTION FOR A NEW TRIAL

Comes now Attorney, Charles Salvagio, in the above-styled cause, and moves this court

for a new trial for the above named individual as a basis shows the following:

1. That the defendant was found guilty at trial on February 10, 2004 of Distribution of a

   Controlled Substance and Possession of a Controlled Substance.

2. He was sentenced February 11, 2004 and received a 30 year sentence.

3. That due to the makeup of the venire and other issues in the concluded trial that the

   defendant did not receive a fair trial.

4. That the defendant requests a new trial.

WHEREFORE, PREMISES CONSIDERED, the defendant prays for that the court will
grant this defendant a new trial in this matter.

RESPECTFULLY SUBMITTED,

OF COUNSEL:
CHARLES SALVAGIO
P.O. Box 661482
Birmingham, AL 35226          Charles Salvagio
(205) 223-2244                Attorney for Defendant